IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
AUG 0 8 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-30038 |
| | ) | |
| ALEXANDER LEBRON-RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COOPERATION PLEA AGREEMENT AND STIPULATION OF FACTS**

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Patrick J. Chesley, Assistant United States Attorney, and the defendant, Alexander Lebron-Rivera, personally and by the defendant's attorney, Robert Scherschligt, hereby enter into this plea agreement.

1. This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

1

2. This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3. This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and therefore if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw his plea of guilty.

## CHARGE(S), ELEMENTS, AND PENALTIES

4. The defendant has read the charge to which the defendant is pleading guilty, and the charge has been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crime to which the defendant is pleading guilty. To sustain the charge of transferring stolen identification documents, the United States must prove the following propositions beyond a reasonable doubt:

First: the defendant knowingly transferred at least one of the identification documents described in the indictment.

Second: such identification document or documents had been stolen; and

Third: the defendant knew that such identification document or documents had been stolen. [handwritten correction: "been" inserted, "bee" struck through, initialed "BGC"]

5. The defendant understands and agrees that the offense to which he shall plead guilty carries the following potential penalties:

- up to 15 years in prison;
- up to a $250,000 fine;
- up to 3 years of supervised release; and
- a $100 mandatory special assessment.

6. The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

7. The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## DEFENDANT'S OBLIGATIONS

**PLEAD GUILTY**

8. The defendant will plead guilty to the one count Indictment, in which he is charged with transferring stolen identification documents, in violation of Title 18, United States Code, Sections 1028(a)(2).

**COOPERATION**

9. As a condition of this entire plea agreement, the defendant will cooperate fully

with law enforcement officials, as agreed in the letter dated April 22, 2008 and signed by the defendant on May 15, 2008, which letter is attached hereto and incorporated herein by reference.

**STATUTORY AND GUIDELINE WAIVERS**

**Waiver of Right of Appeal from Conviction and Sentence**

10.    The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement, his conviction or his sentence, including any fine or restitution, within the maximum provided in the statute of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

**Waiver of Right to Collateral Attack**

11.    The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under

the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

**PAY SPECIAL ASSESSMENT**

12.   The defendant further understands and agrees to pay the mandatory $100 Special Assessment for the one count information to which the defendant is entering a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the Clerk of the United States District Court and understands that he will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

## FAILURE TO COMPLY WITH THE PLEA AGREEMENT

13.  The defendant further agrees that if the defendant violates the terms of this plea agreement, the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

14.  Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

15.  At the time of sentencing the United States agrees to recommend a sentence at the low end of the Sentencing Guideline range, unless it determines, pursuant to paragraph 23, that a lower sentence is warranted as the result of a downward variance.

16.  The United States agrees that the defendant will be able to recommend that the Court impose any appropriate sentence.

17.  The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

18. For information the defendant provides as part of his cooperation under this agreement, the court will be notified that such information was obtained pursuant to a grant of use immunity. This agreement shall not restrict the use of information known to the government prior to the defendant's cooperation as part of this agreement. This agreement also does not prevent the United States from using information it received from any entirely independent source, meaning a source not developed through either direct or indirect use of the defendant's cooperation.

19. The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward variance from the sentencing guideline range pursuant to United States Sentencing Guidelines Section 5K1.1 of the Sentencing Guidelines, if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended variance will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.

## AGREEMENTS AS TO SENTENCING GUIDELINES

20. The defendant understands that the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The defendant understands that the Court must consider the advisory Sentencing Guidelines range in determining what the defendant's sentence will be. The Court also must consider the factors listed under Title 18, United States Code, Section 3553(a). Based upon its consideration of all the relevant factors, the Court must impose a sentence that is reasonable. Such a sentence may be within the Sentencing Guidelines range that was determined or it may be above or below it.

21. Based on the information currently available, the defendant and the United States agree on the following points regarding the application of the Sentencing Guidelines to the offense charged in the indictment/information:

    a. The parties agree, based upon facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct.

    b. The parties also agree that if the defendant's base offense level is 16 or higher, then the defendant qualifies for an additional one-point reduction in the defendant's offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because the defendant timely notified the United States Attorney's Office of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently.

    c. The parties agree that the appropriate sentencing guideline to be applied in this case is §2L2.1 and pursuant to §2L2.1(a) the proper base offense level is 11.

    d. The parties agree that the specific offense characteristic in §2L2.1(b)(2)(A) applies, in that six documents were involved. As a result, the defendant's offense level should be increased by an additional three (3) levels.

e.  The parties agree that there are no adjustments in Chapter Three of the Sentencing Guidelines that apply to the defendant in this case.

22. The defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income. Since the defendant's criminal history cannot be determined prior to the completion of the presentence investigation, the United States and the defendant reserve the right to argue for, or oppose, an upward or downward variance from the sentencing guideline range for over-representation or under-representation of the defendant's criminal history pursuant to U.S.S.G. § 4A1.3.

23. The defendant and his attorney acknowledge that they have reviewed, and the defendant understands, the possible application of United States Sentencing Guidelines Section 5K.1.1. They further acknowledge, consistent with Application Note 3 to that Section, that the United States is in the best position to assess the value of the defendant's cooperation to the United States and its law enforcement efforts.

24. The defendant and the defendant's attorney acknowledge that they have reviewed, and the defendant understands, the possible application of United States Sentencing Guidelines Section 5H.1 through Section 5H1.12, Section 5K.2.0 through Section 5K2.21, and other grounds for downward variances from the applicable Sentencing Guidelines range. The defendant acknowledges that he has fully discussed any potential basis for downward variances with the defendant's attorney.

25. The defendant and the government agree that, other than the adjustments and variances specifically mentioned in this agreement, no other adjustments or variances, either

9

upward or downward, will be raised by either party.

26. The defendant understands that the above statements regarding Sentencing Guidelines are not binding on the Court, and relate only to the positions the parties take regarding the applicable sentencing guideline range based upon the information currently known to the parties. The Court will remain free to make its own independent determination of the applicable guideline range and to impose whatever sentence it deems reasonable.

27. The defendant understands that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems reasonable up to the statutory maximum, subject to the limitations of the United States Sentencing Guidelines and the factors listed in Title 18, United States Code, §3553(a). The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the Sentencing Guidelines or to the Court's sentencing findings or rulings or because the defendant receives a sentence higher than that recommended under the plea agreement.

## FACTUAL BASIS

28. The defendant will plead guilty because the defendant is in fact guilty of the charge contained in one count information. In pleading guilty to that charge, the defendant stipulates to and admits to the following facts:

The defendant told his co-workers at Cargill Meat Solution Corporation that he had sets of identification documents available to sell. The defendant said that these sets included a birth certificate and a Social Security card. In April 2008, the defendant agreed to sell, for $600 per set, three sets of identification documents to a person who agreed to cooperate with the government. On April 18, 2008, the cooperating individual called the defendant who said that he

had the identification documents and that the individual should come to the defendant's home to get them. The cooperating individual was given $1,800 in Federal Reserve Notes and law enforcement agents made a record of the serial numbers of such notes. The cooperating individual then went to the defendant's residence. At the residence the defendant told the cooperating individual that the identification documents were originals. He said that one set had belonged to a woman in Puerto Rico and another to a man from New York. At the residence the cooperating individual gave the defendant the $1,800 and the defendant gave the cooperating individual the three sets of identification documents. After the cooperating individual left the residence, he was picked-up by law enforcement agents who retrieved the identification documents from the individual. The documents consisted of three different social security cards each with a corresponding birth certificate. A short time later the defendant left his residence and was arrested. On his person was found the $1,800 with the pre-recorded serial numbers that had been given to the cooperating individual. The defendant agreed to waive his rights and answer questions. The defendant admitted selling the three sets of identification documents for $600 a set. He said that he stole one set of identification documents from his mother and another from his step-father. Both these individuals live in Puerto Rico. The defendant said that the third set of identification documents was found in a wallet at a gas station in Puerto Rico.

## WAIVER OF CONSTITUTIONAL RIGHTS

29. The defendant understands that by pleading guilty the defendant surrenders the following rights among others:

    a. The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

b.  The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

c.  The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

d.  The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

e.  The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

30. The defendant understands that by pleading guilty the defendant is waiving all the

agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

Date: 08/06/08

_____
Alexander Lebron-Rivera
Defendant

**United States:**

33. On behalf of the United States of America, I accept and agree to this Plea Agreement.

RODGER A. HEATON
UNITED STATES ATTORNEY

s/ Patrick J. Chesley

Date: 8/8/08

_____
Patrick J. Chesley
Assistant United States Attorney

14

rights set forth in the prior paragraph. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

**AGREED:**

**Defendant's Attorney:**

31.    I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

s/ Robert J. Scherschligt

Date: 8/6/08

Robert Scherschligt
Attorney for Alexander Lebron-Rivera

**Defendant:**

32.    I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I

13



U.S. Department of Justice

United States Attorney
Central District of Illinois
Headquarters Office

---

| | | |
|---|---|---|
| Rodger A. Heaton<br>United States Attorney | 318 South 6th Street<br>Springfield, IL 62701-1806 | TEL: (217) 492-4450<br>FAX: (217) 492-4512 |

April 22, 2008

Robert Scherschligt
Assistant Federal Defender
600 East Adams Street, 2nd Floor
Springfield, IL 62701

Re: Covert cooperation and testimony by Alexander Lebron-Rivera

Dear Bob:

It is my understanding that your client, Alexander Lebron-Rivera, desires to cooperate with the government in its efforts to enforce federal law on the condition that his statements are protected by a grant of use immunity, in order to prevent him from facing any greater criminal liability as a result of cooperating. This letter is intended as a grant of conditional direct use immunity.

To avoid any misunderstanding, the specific terms of this grant of use immunity are:

1. The government agrees that no statement made or information provided pursuant to this agreement may be used directly as evidence against your client in any criminal case, including sentencing, excepting (1) a prosecution for making a false statement or perjury, and (2) use as impeachment or rebuttal evidence should your client subsequently testify or take a factual position contrary to the information he provides. The government will be free to make indirect, or derivative, use of his statements. This agreement means only that the fact your client made certain incriminating statements pursuant to this agreement may not itself be introduced as evidence against him. The government will also remain free to discharge its duty to the court by informing the court of any information your client provides. The court will be notified that such information was obtained pursuant to this grant of use immunity.

2. In return, your client agrees that he will provide <u>complete</u> and <u>truthful</u> information to law enforcement officials regarding his criminal conduct and everything he knows or has reason to believe about the criminal conduct of others. Your client also agrees to produce any and all documents and physical evidence of any kind in his possession or under his control which relate to the information he provides.

3. Your client also agrees to provide <u>complete</u> and <u>truthful</u> testimony to any grand

jury, trial jury, judge, or magistrate in any proceeding in which he may be called to testify by the government.

4. You and your client further acknowledge and agree that the government's grant of use immunity herein is entirely conditioned upon your client's complete compliance with paragraphs 2 and 3. Should your client knowingly make any materially false statement or omission in providing information or testimony under this agreement, the government will be entitled to use his statements and evidence he provides, directly and indirectly, to institute and support a criminal prosecution for any offense as well as a prosecution for giving false statements and perjury.

5. For instance, your client must neither conceal or minimize his own actions or involvement in any offense, nor conceal, minimize, fabricate, or exaggerate anyone else's actions or involvement in any offense. He must be completely truthful about the facts whatever those may be.

6. The offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

7. Your client also agrees to act in a covert capacity on behalf of the government to assist in gathering evidence of other crimes.

8. In such a covert role, your client agrees that he will act solely at the direction and under the supervision of agents of the United States Secret Service or any other federal agency or agencies it enlists to assist it in the investigation of federal offenses (hearafter referred to as his controlling agents) and agrees to follow all directions given to him by such agents or this office.

9. Your client agrees that he will not engage in any criminal activity of any kind, including the use of any controlled substance, without the prior knowledge and approval of his controlling agents and this office.

10. Your client agrees that he will not initiate any contact with the subjects of any government investigation without the prior knowledge and approval of his controlling agents.

11. Your client agrees that he will not tell anyone anything about any government investigation or his own cooperation without the prior knowledge and approval of his controlling agents.

12. The government agrees that it will fully inform the court in any sentencing hearing of the nature, extent, and value of your client's cooperation. At this time the government is not making and has not made any promise or commitment of any kind to your client regarding the prosecution of any offense or any possible sentence the government may recommend in any case.

13. The government reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and from any mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e) if your client provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the government's evaluation of the nature, extent, and value of your client's assistance, including his truthfulness.

14. Any material violation of any provision of this agreement by your client will void this agreement in its entirety and will release the government from any obligation under this agreement.

This letter embodies the entirety of the government's use immunity agreement with your client. No other promise or agreement exists between your client and the government regarding immunity.

Very truly yours,

RODGER A. HEATON
UNITED STATES ATTORNEY

s/ Patrick J. Chesley

Patrick J. Chesley
Assistant United States Attorney

**AGREED:**

We have read this letter entirely, and we understand and completely agree to the above terms. No promises have been made other than those stated in this letter regarding cooperation or immunity.

_____     Date: 5-15-08
Alexander Lebron-Rivera

s/ Robert J. Scherschligt

_____     Date: 5-15-08
Robert Scherschligt
Attorney for Alexander Lebron-Rivera